SOLOMON ADLER, Plaintiff in Error,

*vs.*

GEORGE GEE, Defendant in Error

The record returned with the writ of error showed a trial before the justice upon a claim of over fifty dollars, in which judgment was rendered in favor of the defendant for costs, and the plaintiff appealed to the County Court, but the record did not show that the claim of either party, as proved by the trial exceeded fifty dollars. *Held*, that the County Court acquired no jurisdiction.

This was an action of assumpsit, commenced by the defendant in error against the plaintiff in error, on the 29th day of December, 1853, before O. Parsons, a justice of the peace in Milwaukee county. The plaintiff below declared for services in grading certain streets in front of the defendant's lots by excavation and filling, to the amount of eight hundred and eighty-eight cubic yards, at 14 cents per yard.

The defendant below pleaded the general issue, and gave notice of set off, of cash paid to the amount of $50, and gave notice that the work done by the plaintiff was not done according to the contract made by the defendant with the plaintiff to do the same.

The cause was tried before a jury on the 23d day of January, A. D. 1854, who found a verdict for the defendant of "no cause of action," and judgment was rendered against the plaintiff for costs taxed at nine dollars and ninety-two cents.

The suit was appealed to the County Court, where it was tried before the judge, who decided that the defendant did assume a promise in manner and form as the plaintiff had complained against him, and as-

sessed the damages of the said plaintiff at the sum of $81.44 and costs of suit. A motion for a new trial was made, which was overruled, and the defendant brings this writ of error.

*Byron Paine,* for the plaintiff in error.

*J. E. Arnold,* for the defendant in error.

*By the Court,* CRAWFORD, J. Upon looking into the record returned from the court below, we discover that this cause originated before a justice of the peace of Milwaukee county, and on the trial in the justice's court, the jury rendered a verdict of "no cause of action," and thereupon the justice gave judgment against the plaintiff for the costs of the suit, taxed at nine dollars and ninety-two cents. From this judgment the plaintiff *appealed* to the County Court of Milwaukee county, in which court a trial was had, which resulted in a judgment for the plaintiff. The cause comes before us by writ of error.

From the foregoing statement of the case it is evident that the County Court acquired no jurisdiction. The judgment was only for costs, and there was nothing in the case before the justice to show that "the claim of either party as proved at the trial," exceeded fifty dollars, as contemplated by section 227, of chapter 88, of the Revised Statutes. An appeal was not the proper remedy in this case. A writ of *certiorari* might have been used.

The judgment of the County Court must be reversed with costs.